Amanda V. Dwight, SBN 187028
DWIGHT LAW GROUP
2020 Main Street, Suite 600
Irvine, CA 92614
Tel: (949) 515-0003
Fax: (949) 266-8680
Email: adwight@dwightlawgroup.com

*Attorneys for Plaintiff Lester Dinetstein DBA Yale Attorney Service*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# CENTRAL DIVISION

| | |
|---|---|
| *LESTER DINETSTEIN DBA YALE ATTORNEY SERVICE*, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> Yeghsapet Maryam Zartarian aka Elizabeth Zartarian, an individual, EZSMALLCLAIM.COM LLC, a California Limited Liability Company, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. Trademark and Trade Name Infringement, False Designation of Origin, Passing Off, False Advertising, and Unfair Competition (15 USC §1125(A)); <br><br> 2. Unfair Business Practices (California Business & Professions Code §17200 And § 17500 Et Seq.); <br><br> 3. Common Law Trademark and Trade Name Infringement, False Designation of Origin, Passing Off, False Advertising, False Endorsement, and Unfair Competition; <br><br> 4. Tortious Interference With Prospective Economic Relations <br><br> **DEMAND FOR JURY TRIAL** |

**Complaint**
-1-

## JURISDICTION AND VENUE

1.  This is an action for trademark and trade name infringement, false designation of origin, false advertising, and unfair competition in violation of 15 U.S.C. Section 1125(a); unfair competition under 15 U. S.C. Section 1125(a) and California Business & Professional Code Sections 17200 *et seq.* and the common law claims of trademark and trade name infringement, false designation of origin, false advertising, false endorsement and unfair competition. This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. Section 1121(a), 28 U.S.C. Section 1338(a), (b) and 27 U.S.C. Section 1367.

2.  This Court has personal jurisdiction over Defendants because Defendants reside and maintain their principal place of business in this District. In addition, Defendants have conducted systematic and continuous business within California, directed their unlawful business activities towards California and have caused injury to California residents within California.

3.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the California state-law claims because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim-and the threatened and actual harm to Plaintiff occurred in this District by reason of Defendants'

conduct as alleged below. Venue is also proper in this Judicial District under 28 U.S.C. § 1391(b) because both Defendants operate an office in this District and/or reside in this District.

**PARTIES**

5. Plaintiff Lester Dinetstein is and at all times mentioned herein was, an individual doing business as Yale Attorney Service ("Plaintiff") in the State of California and maintaining its principal place of business in the city of Ontario in Ontario in San Bernardino County, California.

6. On information and belief, defendant EZSMALLCLAIM.COM LLC ("Defendant EZ Small Claim LLC") is a California limited liability company conducting business in the State of California; and maintaining its principal place of business in the city of Pasadena, in Los Angeles County, California.

7. On information and belief, defendant Yeghsapet Maryam Zartarian aka Elizabeth Zartarian ("Defendant E. Zartarian") is and at all times mentioned herein was, an individual conducting business in the State of California under the trade name "EZ Small Claim" and is an owner of Defendant EZSMALLCLAIM.COM LLC; and maintaining her principal place of business in the city of Pasadena in Los Angeles County, California.

8. Plaintiff sues the defendants identified as Does 1 through 10, inclusive, on the grounds that Plaintiff is ignorant of the true names and capacities of those

fictitiously named defendants. Plaintiff will seek leave to amend this complaint when the true names and capacities of those defendants are ascertained.

9. Each of the defendants was the agent, employee, partner, joint venture, or co-conspirator of each of the other defendants, and was at all times acting with the purpose and scope of said agency, employment, partnership, joint venture, and conspiracy, and each defendant has ratified and approved the acts of the remaining defendants.

## FACTUAL BACKGROUND

10. Beginning in 1984, Plaintiff did and still does operate a small-business specializing in the service of assisting members of the public in process serving and filing small claims in superior courts in California. In 2005, Plaintiff began using the unregistered trademark and trade name "EZ Small Claims" (hereinafter referred to as "Mark") for its services and trade name. Since 2013, Plaintiff has and still does operate a website with the URL: ezsmallclaims.net.

11. Plaintiff adopted the Mark to identify itself as the source of Plaintiff's products and services.

12. The Mark has continuously appeared prominently on Plaintiff's advertising materials, website, business letterheads, packaging, catalogues, and marketing and promotional materials.

13. The Mark represents and is Plaintiff's valuable asset and embodies the goodwill and business reputation associated with the services marketed and sold under the Mark.

14. Defendants own and operates a business which purports to also be a filing service for small claims in superior courts throughout California. Since the beginning of 2015, Defendants began using websites with the URL: ezsmallclaim.com and ezsmallclaim.net. Defendants also use "EZ Small Claim" as its unregistered trade name and mark. In February 2015, Defendant E. Zartarian filed a trademark application with the United States Patent and Trademark Office listing her business address as a post office box in Pasadena, California. In her trademark application, Defendant E. Zartarian claims ownership of the mark EZ SMALL CLAIM in connection with "legal and paralegal services." Defendant E. Zartarian claims a first use date of September 2009.

15. On information and belief, Defendant E. Zartarian's misrepresented material facts to the Patent & Trademark Office ("PTO"), including its date of first use and its exclusive ownership of the mark EZ SMALL CLAIM, with willful intent to induce the PTO to issue a registration for the mark EZ SMALL CLAIM. At the time of her misrepresentation, Defendant E. Zartarian knew "that the representations were false," that the misrepresentations were "material", and that they were "knowingly made" in order to procure an unlawful registration.

16. The only difference between Plaintiff's Mark (EZ Small Claims) and Defendants' unregistered trade mark and name (EZ Small Claim) is the "s" at the end of "Claims" on Plaintiff's Mark.

17. On information and belief, notwithstanding and with full knowledge of Plaintiff's business and the rights in its Mark, Defendants have conducted business and have advertised, offered for sale and sold, in this District and elsewhere, small claims services using Plaintiff's Mark on its website, promotional materials and URL.

18. Defendants' use of an unregistered trade name and mark nearly identical to Plaintiff's Mark and trade name has been and is without the consent, license or authorization of Plaintiff.

19. Plaintiff has demanded that Defendants cease use of their unregistered trade name and trademark as a result of the massive confusion such use has created among the consuming public. Defendants have ignored Plaintiff's demand and refuse to cease use of their infringing trade name and trademark.

### FIRST CLAIM FOR RELIEF
**Trademark and Trade Name Infringement, False Designation Of Origin, Passing Off, False Advertising, And Unfair Competition**
**(15 USC §1125(a))**
**Against All Defendants**

20. Plaintiff hereby repeats and realleges paragraphs 1 through 19 of its Complaint.

21. Plaintiff's unregistered Mark is inherently distinctive and has acquired distinctiveness as a result of Plaintiff's exclusive use for over 10 years.

22. Defendants have used in interstate commerce an unregistered mark and name which is nearly identical to Plaintiff's Mark for services which are similar to Plaintiff's services in order to falsely identify the origin of Defendants' services.

23. Defendants' public false statements in connection with their offers for sale and sale of the infringing services by advertising and promoting the unregistered EZ Small Claim name and mark on marketing and promotional materials, advertisements, on its website located at www.ezsmallclaim.com and www.ezsmallclaim.net have caused actual confusion that Defendants' services emanate from or are sponsored or authorized by Plaintiff.

24. Additionally, Defendants' false statements, including that Defendants have available for sale small claims services that appear to be Plaintiff's services when in fact Defendants do not have available for sale and does not sell genuine legal process and small claims filing services by and from Plaintiff, have caused several hundred instances of actual confusion by consumers that Defendants' services emanate from or are sponsored or authorized by Plaintiff.

25. On information and belief, Defendants adopted and used Plaintiff's name and trademark with complete disregard of Plaintiff's rights and with the intent to trade on the goodwill that Plaintiff's Mark has created.

26. On information and belief, Defendants began and continue their unlawful conduct with complete disregard of Plaintiff's rights and with the intent to defraud the public and trade on the goodwill that Plaintiff has created.

27. Defendants' conduct constitutes infringement of an unregistered trademark, trade name, false designation of origin, false advertising, passing off, and unfair competition in violation of 15 U.S.C. Section 1125(a), in that Defendants have used in connection with their services, a trademark and trade name which has caused and are likely to continue to cause massive confusion or mistake or to deceive the public that Defendants' services are Plaintiff's and/or are authorized, sponsored by, or affiliated with Plaintiff and Defendants have caused such services to enter into commerce which may be regulated by Congress.

28. Plaintiff has been damaged and will continue to be damaged in the future by Defendants' conduct by reason of the likelihood that prospective purchasers and purchasers of Defendants' services have been and will continue to be confused as to the source, sponsorship, or affiliation of Defendants' services.

29. Defendants have unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

30. By reason of Defendants' conduct alleged herein, Plaintiff has suffered damage to its business, goodwill, and property, in an amount to be determined at trial.

31. Plaintiff is also entitled to recover from Defendants the damages it has sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained and to be obtained by Defendants, as a result of Defendants' unlawful acts as described herein.

32. By reason of Defendants' acts alleged herein, Plaintiff has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

33. Defendants' acts alleged herein were willful and taken in conscious disregard of Plaintiff's rights.

34. This is an exceptional case and Plaintiff is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

### SECOND CLAIM FOR RELIEF
**Unfair Business Practices**
**(California Business & Professions Code §17200 and § 17500 et seq.)**
**Against All Defendants**

35. Plaintiff hereby repeats and realleges paragraphs 1 through 34 of its Complaint.

36. Defendants' public false statements including that Defendants have available for sale services that appear to be Plaintiff's services when in fact Defendants do not have available for sale and does not sell genuine services by and from Plaintiff, constitute false advertising in violation of California Business & Professions Code Sections 17200 and 17500 et seq.

37. Defendants also make false statements in connection with their offers for sale and sale of the infringing services by advertising and promoting the unregistered EZ Small Claim name and mark on their letterheads, marketing and promotional materials, advertisements, and websites located at www.ezsmallclaim.com and www.ezsmallclaim.net.

38. On information and belief, Defendants began and continue their false and infringing conduct with complete disregard of Plaintiff's rights and with the intent to defraud the public and trade on the goodwill that Plaintiff has created.

39. Plaintiff has been damaged and is likely to be damaged in the future by Defendants' false advertising by reason of diversion of prospective purchasers and purchasers of Plaintiff's services under false pretenses.

40. Defendants have unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

41. By reason of Defendants' conduct alleged herein, Plaintiff has suffered damage to its business, goodwill, and property in an amount to be determined at trial.

42. Plaintiff is also entitled to recover from Defendants the damages it has sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained and to be obtained by Defendants, as a result of Defendant's unlawful acts as described herein.

Complaint
-10-

43. By reason of Defendants' conduct alleged herein, Plaintiff has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined pursuant to California Business & Professions Code Sections 17203 and 17535.

44. Because of Defendants' acts complained of herein, Plaintiff has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendants have been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

### THIRD CLAIM FOR RELIEF
**Common Law Trademark Mark and Trade Name Infringement, False Designation of Origin, Passing Off, False Advertising, False Endorsement and Unfair Competition
Against All Defendants**

45. Plaintiff hereby repeats and realleges paragraphs 1 through 44 of the Complaint.

46. Defendants' use of the Mark and trade name in conjunction with Defendants' marketing, advertising, distribution, and sale of their services as complained of herein has caused, and is intended to cause, confusion to purchasers and potential purchasers of Plaintiff's products and services, and to unfairly compete with Plaintiff.

47. On information and belief, Defendants have committed these acts of

infringement, false designation of origin, passing off, false advertising, false endorsement, and unfair competition with the intent of causing confusion and mistake and of misleading and deceiving the public into believing that Defendants' goods and services are associated with or authorized by Plaintiff.

48. Plaintiff is informed and believes, and thereon alleges that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake and deception.

49. Because of Defendants' acts complained of herein, Plaintiff has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendants have been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

50. By reason of Defendants' conduct alleged herein, Plaintiff has suffered damage to its business, goodwill, and property, in an amount to be determined at trial.

51. Plaintiff is also entitled to recover from Defendants the damages it has sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained and to be obtained by Defendants, as a result of Defendants' unlawful acts as described herein.

52. Defendants' conduct is and has been intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an

-12-

award of punitive damages.

## FOURTH CLAIM FOR RELIEF
### Tortious Interference with Prospective Economic Relations
### Against All Defendants

53. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of the Complaint.

54. Since 2005, Plaintiff has used the Mark for its legal process and small claims filing services. Beginning in 2013, Plaintiff began using the www.ezsmallclaims.net URL for its website. Members of the public searched for "EZ Small Claims" to find Plaintiff's services.

55. Plaintiff and members of the public who searched for EZ Small Claims were in an economic relationship that most likely would have resulted in an economic benefit to Plaintiff.

56. Based on information and belief, Defendants knew of the relationship and, in 2015, began using the www.ezsmallclaim.net and www.ezsmallclaim URL for their websites.

57. Based on information and belief, Defendants intended to disrupt the relationship by engaging in wrongful conduct through trademark and trade name infringement, false designation of origin, false advertising, and unfair competition when Defendants used their nearly identical unregistered mark and trade name on its letterhead, marketing and promotional materials and websites.

58. Defendants did disrupt Plaintiff's relationship with its customers by

falsely representing to customers who contacted Defendants' office seeking to engage Plaintiff's services that Defendants were related to, associated with, or affiliated with Plaintiff. In at least one instance, Defendants represented to a customer of Plaintiff's that they were employed by Plaintiff, inducing that customer to send payment to Defendants for services the customer previously agreed to purchase from Plaintiff.

59. On information and belief, Defendants have committed these acts of infringement, false designation of origin, passing off, false advertising, false endorsement, and unfair competition with the intent of causing confusion and mistake and of misleading and deceiving the public into believing that Defendants' goods and services are associated with or authorized by Plaintiff.

60. Plaintiff is informed and believes, and thereon alleges that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake and deception.

61. As a result, the relationship between consumers searching for Plaintiff's EZ Small Claims and Plaintiff was disrupted.

62. Because of Defendants' acts complained of herein, Plaintiff has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendants have been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

63.     By reason of Defendants' conduct alleged herein, Plaintiff has suffered damage to its business, goodwill, and property, in an amount to be determined at trial.

64.     Plaintiff is also entitled to recover from Defendants the damages it has sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained and to be obtained by Defendants, as a result of Defendants' unlawful acts as described herein.

65.     Defendants' conduct is and has been intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

**PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      For a temporary and permanent injunction prohibiting Defendants from further falsely advertising or infringing Plaintiff's Mark and trade name pursuant to at least 15 U.S.C. Sections 1116 and 1125 Cal. Bus. & Prof Code Sections 17200 *et seq.* and 17500 *et seq.*; requiring Defendants to deliver up to Plaintiff any promotional literature and packaging which displays or promotes such infringing products, pursuant to 15 U.S.C. Section 1118 and Cal. Bus. & Prof Code Sections 14340, 17200 *et seq.* and 17500 *et seq.*; and prohibit Defendants from using any infringing mark, trade name, and/or false advertising on any social media site and/or website owned, maintained or controlled by or for the benefit of Defendants, or by

any agent of Defendants, including but not limited to the websites www.ezsmallclaim.com and www.ezsmallclaim.net.

2. For an accounting by Defendants of actual sales and costs of services, damages sustained by Plaintiff and all profits realized by Defendants by reason of their infringement of Plaintiff's trademark and trade name, and that such damages and/or profits be trebled and/or enhanced to the maximum amount provided by law, all as pursuant to 15 U.S.C. Section 1117(a) and Cal. Bus. & Prof Code Section 14340;

3. For corrective advertising;

4. For disgorgement of profits and restitution;

5. For punitive damages under California common law;

6. For prejudgment interest on all damages pursuant to 15 U.S.C. Section 1117(b), under California law, and any other applicable basis.

7. For all of Plaintiff's costs and expenses of this Action, including attorneys' fees; and

8. For such other or further relief as the Court may deem just and proper.

Dated: October 22, 2015                    Respectfully Submitted,

                                           DWIGHT LAW GROUP

                                           _____
                                           Amanda V. Dwight
                                           Attorneys for Plaintiff Lester
                                           Dinetstein dba Yale Attorney Service

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable in the present action.

Dated: October 22, 2015                    DWIGHT LAW GROUP

_____
Amanda V. Dwight
Attorneys for Plaintiff Lester
Dinetstein dba Yale Attorney Service